1
2
3
4
5

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

6
7   AIDAN MONAGHAN,                                2:09-CV-2199 JCM (PAL)

8                    Plaintiff,

9   v.

10  DEPARTMENT OF JUSTICE, et al.,

11                   Defendants.

12

13                                    **ORDER**

14          Presently before the court is plaintiff Aidan Monaghan's (hereinafter "Monaghan") motion

15  for summary judgment as to fee waiver. (Doc. #19). Defendants filed an opposition (doc. #22), and

16  plaintiff filed a reply (doc. #24).

17          Also before the court is defendant's motion to strike exhibit 1 to plaintiff's reply brief, (doc.

18  #25) to which plaintiff filed an opposition. (Doc. # 26).

19          This action arises under the Freedom of Information Act, 5 U.S.C. § 552 (hereinafter

20  "FOIA"). In August 2009, plaintiff Monaghan made a request to the Federal Bureau of Investigation

21  ("FBI") for (1) certain categories of records relating to the terrorist attacks of September 11, 2001,

22  and (2) a waiver of the fees usually charged with searching and copying records. (See AR01-03,

23  AR05).  On January 12, 2010, the FBI issued a letter formally denying plaintiff's request for a fee

24  waiver. At the time, the FBI had spent fifty-four hours searching for the requested documents and,

25  the FOIA fees amounted to $864. (See AR 05-07).

26  . . .

27  . . .

28

**James C. Mahan**
**U.S. District Judge**

1    A.      Motion to Strike Exhibit 1 to Plaintiff's Reply Brief

2          Federal court's review of a federal agency's decision on a FOIA fee waiver is limited to the

3    administrative record that was before the agency.  *See Friends of the Coast Fork,* 110 F.3d at 54.

4    Exhibit 1 to plaintiff's reply brief (doc. #24) is not part of the administrative record.  *See*

5    Administrative Record (doc. #18).  In fact, Magistrate Judge Peggy A. Leen  previously denied

6    plaintiff's request to supplement the administrative record with this specific exhibit in an order dated

7    April 16, 2010.  *See* Doc. #17.  This court  finds that exhibit 1 to plaintiff's reply brief (doc. #24) is

8    inadmissible.

9    B.      Motion for Summary Judgment as to Fee Waiver

10         Summary judgment is appropriate when, viewing the facts in the light most favorable to the

11   nonmoving party, there is no genuine issue of material fact which would preclude summary

12   judgment as a matter of law.  Once the moving party has satisfied its burden, it is entitled to

13   summary judgment if the non-moving party fails to present, by affidavits, depositions, answer to

14   interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial."

15   *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); Fed. R. Civ. P. 56(c).

16          The FOIA generally requires requesters to pay search and duplication fees. *Kissinger v.*

17   *Reporters Comm.,* 455 U.S. 136 (1980).  The requester bears the burden of demonstrating that she

18   is entitled to a fee waiver. *Friends of the Coast Fork v. U.S. Dept. Of Interior,* 110 F.3d 53 (9th Cir.

19   1997).  A requester may obtain a waiver of fees if he can satisfy a two prong test: (1) the disclosure

20   of the requested information is in the public interest because it is likely to contribute significantly

21   to the public understanding of the operations and activities of the government, and (2) the disclosure

22   is not primarily in the commercial interest of the requester. *McClellan Ecological Seepage Situation*

23   *v. Carlucci,* 835 F.2d 1282 (9th Cir. 1987).

24          The FBI did not dispute the second prong because plaintiff's request lacks commercial

25   interest. However, the FBI denied plaintiff's fee waiver based on the first prong. A federal agency's

26   decision on a fee waiver is subject to de novo review by a district court, and the court's review is

27   limited to the administrative record that was before the agency. *See Friends of the Coast Fork,* 110

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1   F.3d at 54.

2          The four factors related to the first prong are as follows: (I) whether the subject of the

3   requested records concerns the "operations or activities of the government;" (ii) whether the

4   disclosure is "likely to contribute" to an understanding of government operations and activities; (iii)

5   whether the disclosure will contribute to "public understanding," and (iv) whether the disclosure is

6   likely to contribute "significantly" to public understanding of government operations or activities.

7   *See* C.F.R. § 16.11(k)(2)(I)-(iv), (3)(I)-(ii).

8          The defendant concedes that plaintiff satisfies the first factor of the first prong because the

9   requested documents undeniably concern the operations and activities of the government. Therefore,

10  this court will consider the second, third and fourth factors.

11         As to the second factor, whether the disclosure is "likely to contribute" to an understanding

12  of government activities, plaintiff claims his contributions to the "9/11 Blogger" website demonstrate

13  his ability to disseminate information to the general public. (Doc. #24).  However, plaintiff submits

14  no evidence supporting his contention.

15         Specifically, plaintiff does not own or control the "9/11 blogger" website. Plaintiff cites no

16  law demonstrating that his commentary on a sub-blog within a larger blog satisfies the requirement

17  that he is able to disseminate information to the public.  Although plaintiff points to other websites

18  and a book to demonstrate his efforts to disseminate information to the public, he does not provide

19  any authenticated evidence. Accordingly, this court finds that the plaintiff has failed to show that the

20  requested disclosure is "likely to contribute" to an understanding of government operations and

21  activities.

22         Additionally, in relation the third factor, whether the requested disclosure will contribute to

23  public understanding, plaintiff fails to meet his burden.  As the Ninth Circuit has explained in

24  *McClellan,* 835 F.2d at 1285, "an agency may infer a lack of substantial public interest '[w]hen a

25  public interest is asserted but not identified with reasonable specificity, and circumstances do not

26  clarify the point of the requests."

27         Here, plaintiff repeatedly claims that the requested information will "settle the broad

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1   skepticism regarding American Airlines flight 77 and United Airlines flight 93...” However, plaintiff

2   Monaghan did not provide any explanation as to how the requested information will help achieve

3   that purpose. Therefore, this court finds plaintiff fails to meet his burden under the third factor.

4         Finally, plaintiff unavoidably fails under the fourth factor which requires the requested

5   disclosure be likely to contribute “significantly” to public understanding because he failed under the

6   second and third factors.

7         Therefore, based on  the legal authorities presented, this court finds that plaintiff has failed

8   to demonstrate that he is entitled to a fee waiver.

9         IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendant’s motion to

10  strike exhibit 1 to plaintiff’s reply brief (doc. # 25) be, and the same hereby is, GRANTED.

11        IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff Aidan

12  Monaghan’s motion for summary judgment as to fee waiver (doc. # 19) be, and the same hereby is,

13  DENIED.

14        DATED June 17, 2010.

15

16

    _____
17  UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**