# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

AIDAN MONAGHAN,

    Plaintiff,

v.

DEPARTMENT OF JUSTICE, et al.,

    Defendants.

2:09-CV-2199 JCM (PAL)

## ORDER

Presently before the court is defendants the Department of Justice, et al's motion to dismiss or, in the alternative, for summary judgment. (Doc. #31). Plaintiff Aidan Monaghan filed an opposition. (Doc. #38). Defendants filed a reply. (Doc. #44).

The case arises out of plaintiff's request for certain categories of records related to the terrorist attacks of September 11, 2001. In his complaint, plaintiff asked this court for a waiver of the fees usually associated with the searching and copying of such records under the Freedom of Information Act, 5 U.S.C. § 552. The parties agreed to bifurcate the issues in the case; the court was to first rule on the issue of waiver and then, if necessary, address the substantive issues. On June 17, 2010, the court denied plaintiff's motion for summary judgment on the issue of waiving the fee. (Doc. #27). After the court's ruling, the plaintiff still did not make the necessary payments, and as of January 2010, he owed $864 in search fees.

In the present motion to dismiss or for summary judgment (doc. #31), the defendants assert that due to plaintiff's failure to pay the required fees and to obtain a fee waiver, he has not exhausted the administrative remedies and is not entitled to any requested records. Plaintiff contends that he

**James C. Mahan**
**U.S. District Judge**

1  has "constructively" exhausted his claims because the "agency fail[ed] to comply with the applicable
2  time limitations" that require federal agencies to make final determinations on requests within twenty
3  working days, absent "unusual circumstances." 5 U.S.C. § 552(a)(6)(A)(I).

**Motion to Dismiss/Freedom of Information Act**

Under Federal Rule of Civil Procedure 12(b)(1), a court may dismiss a case for lack of subject matter jurisdiction. Defendants assert that this case should be dismissed because this court lacks jurisdiction under the regulations of the Freedom of Information Act. Unless a federal agency has "(1) improperly (2) withheld (3) agency records," "a district court lacks jurisdiction to devise remedies to force an agency to comply with the [Freedom of Information Act's] requirements." *U.S. Dep't of Justice v. Tax Analysts,* 492 U.S. 136, 142 (1989)(quoting *Kissinger v. Reporters Comm. for Freedom of the Press,* 445 U.S. 136, 150 (1980)).

The Freedom of Information Act requires a requester to pay search and duplication fees "regardless of whether the plaintiff filed suit before or after receiving a request for payment..." *Kissinger,* 445 U.S. 136; 28 C.F.R. § 16.11 (Department of Justice's regulation on fees); *Trueblood v. U.S. Dep't of Treas.,* 943 F.Supp. 64, 68 (D.D.C. 1996). Further, if the requester fails to satisfy the requirements of the act, including those pertaining to fees, then he has failed to exhaust his remedies and cannot obtain judicial review. *See Dettmann v. U.S. Dep't of Justice,* 802 F.2d 1472, 1476-77 (D.C. Cir. 1986).

Here, defendants correctly assert that plaintiff was not given a waiver of fees (doc. #27) and that he has failed to pay the required fees that would entitle him to the records requested. In plaintiff's opposition (doc. #38), he asserts that defendants failed to comply with the local rules in their motion[1], and that he did not have to pay the fee because he "constructively" exhausted his claims due to defendants' failure to comply with § 522(a)(4)(A)(viii). Under section 522,

---

[1]Plaintiff asserts that defendants failed to comply with Local Rules 56-2 and 56-1. However, neither of these claims have merit, as plaintiff erroneously states what these rules require and therefore fails to show how defendants did not comply with these rules.

**James C. Mahan**
**U.S. District Judge**

- 2 -

> Any agency shall not assess search fees...under this subparagraph if the agency fails to comply with any time limit under paragraph (6), if no *unusual or exceptional circumstances* (as those terms are defined for purposes of paragraphs (6)(B) and (C), respectively) apply to the processing of the request.

5 U.S.C. § 552(a)(4)(A)(viii) (emphasis added). Plaintiff asserts that since defendants did not reply to his request within 20 days as required, he is not required to pay the search fees.

Defendants assert, and this court agrees, that not only has plaintiff waived this argument by not raising it anywhere in his complaint (*see Dettman,* 802 F.2d at 1476 (rejecting a new objection that had not been previously raised for "failure to exhaust administrative remedies")), but his request for records from "the largest and most complex investigatory files ever created by" the FBI (doc. #31-1) would certainly qualify for "unusual circumstances."

As stated above, plaintiff's failure to pay the required fees results in a failure to exhaust his administrative remedies. Therefore, as the agency has not "improperly withheld agency records," the court lacks jurisdiction and the case is dismissed. *Tax Analysts,* 492 U.S. 136, 142; *Kissinger,* 445 U.S. 136, 150; *Dettmann,* 802 F.2d 1472, 1476-77.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendants the Department of Justice, et al's motion to dismiss or, in the alternative, for summary judgment (doc. #31) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the above captioned case be, and the same hereby is, DISMISSED.

DATED March 16, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**